# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LATONYA RUFFIN-STANFORD, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| COUNTY OF COOK and THOMAS J. DART, ) | |
| SHERIFF OF COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, LATONYA RUFFIN-STANFORD, by and through her attorneys, GARDINER KOCH WEISBERG & WRONA, and complains of Defendants, COUNTY OF COOK and THOMAS J. DART, SHERIFF OF COOK COUNTY, as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, LaTonya Ruffin-Stanford, is a citizen of the United States of America and a resident of Cook County, Illinois at all times relevant to this Complaint through the filing of this Complaint.

2. Defendant County of Cook is a governmental corporation, duly incorporated under the laws of the State of Illinois.

3. Defendant Thomas J. Dart is the Sheriff of Cook County, Illinois.

4. This arises under the United States Constitution and 42 U.S.C. § 1983. This action seeks redress for violations of federal constitutional law. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all parties reside in this judicial district.

## II. BACKGROUND

6. On February 21, 2006, Plaintiff was appointed a correctional officer of the Cook County Sheriff's Department.

7. Plaintiff was authorized to and did carry a Glock 9-millimeter pistol. When securing her weapon while off-duty, Plaintiff normally unloaded it and placed it into a black lock box in the trunk of her car.

8. On the morning of December 17, 2007, Plaintiff was off-duty. She had personal business to attend to at the Cook County Courthouse in Markham, Illinois.

9. Plaintiff was extremely distracted that morning because she and her young son were facing eviction from their home due to a contractual issue with the lease.

10. Before leaving her home, Plaintiff placed her purse into the trunk of her car and closed the trunk.

11. Unbeknownst to Plaintiff, the trunk of her car had not locked properly after she placed her personal effects into it.

12. Plaintiff was also unaware that due to her distraction that morning, she had not followed her usual procedure for securing her weapon; it was still loaded and in her purse.

13. Plaintiff arrived at the Markham Courthouse and went inside without realizing that her trunk was not secured.

14. While Plaintiff was in the courthouse, Sheriff's Department's Court Services Officers patrolling the parking lot of the Markham Courthouse observed an unattended car parked in the lot with its trunk cracked open.

15. The Court Services Officers approached the car, and noted that the opened trunk contained a purse, and that the butt of a semi-automatic weapon was sticking out of the purse.

16. The Court Services Officers removed the purse and closed the trunk. They took the purse inside the Courthouse and inventoried its contents.

17. Shortly thereafter, Plaintiff exited the Courthouse; because the Court Services Officers had closed her trunk, she did not notice anything amiss.

18. Plaintiff got into her car and drove to her next destination, her insurance agent's office.

19. When Plaintiff arrived, she opened her trunk to retrieve her purse. She noticed at that time that her purse was missing, and that the black lock box was not in her trunk.

20. Believing that someone had broken into her trunk while at the Courthouse, Plaintiff began to panic. She went into her insurance agency and told personnel there that she believed her car had been burglarized.

21. Plaintiff then got back into her car and used her cell phone to call the Department of Corrections' Internal Affairs Division ("IAD"), in order to report that her weapon was missing. The representative she spoke with, Deputy Chief Rentas, informed her that the report could not be completed over the phone.

22. At the time that Plaintiff spoke with her, Deputy Chief Rentas had already been informed by the Court Services Department that officers had located Plaintiff's purse and weapon. Deputy Chief Rentas had ordered the Court Services Department to hold Plaintiff's belongings. She did not notify Plaintiff that it had been found or was being held.

23. Plaintiff ended the call with IAD and proceeded to the Markham Police Department to file a police report, still believing that her car had been burglarized.

24. The Markham Police Department's report (which was later revised to an information report) noted that Plaintiff's car had been burglarized, "and that her Glock model #19, serial #HVA687, a purse said to contain checkbooks, keys and personal papers were stolen."

25. Despite later testimony from Markham Police Officer Raquel Gethers, Plaintiff did not report to the Markham Police Department that the gun had been in the lock box at the time that it went missing.

26. Plaintiff made her report to the Markham Police Department, and then returned to the Markham Courthouse to see if the burglary had been captured on security cameras, or if anyone had made a report or turned any of her items in to security.

27. After Plaintiff made inquiries, Court Services Officers informed her that her purse and weapon had been found by other officers.

28. Plaintiff was extremely relieved to have recovered her purse and weapon, but then realized that the lock box in which she normally stored the weapon should also have been recovered.

29. Plaintiff asked the Court Services Officer where the lock box was, and was informed that no lock box had been recovered.

30. A Court Services Officer then informed Plaintiff that she should be more careful in the future.

31. Believing that the incident had been resolved, Plaintiff called the Markham Police Department to inform them that the purse and weapon had been located, but did not complete a report with IAD.

32. The next day, December 18, 2007, Deputy Chief Rentas of IAD contacted Plaintiff and ordered her to complete an informational memorandum regarding the incident.

33. Plaintiff was not permitted to consult with a union representative prior to completing her memorandum.

34. Because Plaintiff still believed that her weapon had been contained in the black lock box, her report reflected that she "left purse and weapon in black box lock [sic] in the back of trunk."

35. Several days later, on December 21, 2007, Plaintiff was summoned again to IAD to meet with Investigator Robert Miller, who interviewed Plaintiff regarding the incident.

36. Because Plaintiff still believed that she had followed her customary gun safety procedures on December 17, 2007, she informed Investigator Miller that a black lock box was among the items that she had discovered missing from her car.

37. During the course of the interview, Investigator Miller showed Plaintiff three photographs of her purse and its contents that had been taken by the Court Services Officers.

38. Plaintiff observed that in the photographs, her weapon was sticking out of the top of her purse; she realized at that moment that she must not have followed her usual safety procedures on the morning of December 17th. Plaintiff admitted that she had been mistaken about the location of her weapon.

39. Following the conclusion of the Sheriff's Department's investigation, Sheriff Thomas J. Dart filed a complaint with the Sheriff's Merit Board, asking that Plaintiff be removed from her position in the Department of Corrections.

40. The complaint charged Plaintiff with the following violations of the Cook County Sheriff's General Orders:
    a. General Order 3.8 Section IIID-6: Employees will maintain professional demeanor while on duty and will refrain from engaging in off-duty behavior that would reflect negatively on the department;
    b. General Order 3.16 Section IIA-5: All sworn and civilian personnel will ensure to the best of their abilities, that they maintain control over both department and personal police equipment. As stipulated, these items specifically include: weapons (including: revolvers and semi-automatic handguns);
    c. General Order 4.1 Section IIIA-17: Engag[ing] in conduct unbecoming to an employee of the Cook County Department of Corrections which tends to reflect discredit on the Department of Corrections or Sheriff's Office;
    d. General Order 4.1 Section IIIA-18: Making a false official report, either oral or written; and violations of the Merit Board Rules and Regulations, Article X, Paragraph B which prohibits violation of any of the general orders.
41. On November 6, 2008, the Merit Board heard the case filed against Plaintiff.
42. Plaintiff truthfully testified that on December 17, 2007, she believed she had secured her weapon in her usual manner (unloaded and stored in a black lock box in her trunk), but that after viewing the photographs taken by the Court Services Officers, she realized that she must not have done so.
43. The Merit Board issued its ruling on January 30, 2009, finding that Plaintiff had been "forthright in her testimony, and [had] admitted making a mistake" but nonetheless (and contradictorily) concluding that she had violated the General Orders and Merit Board

Rules and Regulations as charged, and therefore ordered that she be separated from her employment.

44. Plaintiff was thereafter separated from her employment with the Cook County Sheriff's Office, Department of Corrections by Sheriff Thomas J. Dart.

## COUNT I:
## DENIAL OF EQUAL PROTECTION OF THE LAW

45. Plaintiff reincorporates and realleges Paragraph 1 through 44 as this Paragraph 45 of her Complaint, as if fully set forth herein.

46. Defendants' decision to terminate Plaintiff's employment was made on the basis of her gender, female.

47. Similarly-situated male employees of the Department of Corrections have been charged with similar violations and have not been terminated by Defendants.

48. For example, in 2005, Officer Cortez Brown was charged with various counts of failing to secure his weapon. As a result, he was suspended for four days.

49. Also in 2005, Officer Samuel Burnett was disciplined because his weapon was lost or stolen. He received a 10-day suspension.

50. In 2005, Officer Frank Judon faced various charges relating to the loss of his gun. Officer Judon received a 15-day suspension.

51. In or about 2010, Officer Herman Green left his weapon on the floor of his official vehicle when he dropped it off for service. A civil employee of the Sheriff's Department found the weapon and turned it over to the Chicago Police Department, which then turned the weapon over to the Sheriff's Department's Internal Affairs Division. No disciplinary action was taken against Officer Green.

52. Upon information and belief, additional examples of similarly-situated male employees treated more favorably than Plaintiff by Defendants would be revealed during discovery.

53. The conduct of Defendants as described above constitutes intentional discrimination against Plaintiff on the basis of her gender, female, and was a violation of the rights guaranteed to her under the federal constitution.

54. The conduct of Defendants as described above was undertaken under color of state law.

55. The conduct of Defendants was undertaken at the direction and under the guidance of Sheriff Thomas J. Dart, who is a final policy-maker with regards to disciplinary matters within the Cook County Sheriff's Department.

56. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic losses, mental anguish, and other non-pecuniary losses.

WHEREFORE, Plaintiff, LATONYA RUFFIN-STANFORD, prays this Honorable Court will enter judgment in her favor, and against Defendants, COUNTY OF COOK and THOMAS J. DART, SHERIFF OF COOK COUNTY, including:

a. Compensatory damages;
b. Equitable relief;
c. Attorney's Fees;
d. Any and all other remedies available under the law; and
e. Such other relief as this Court deems just and appropriate.

Respectfully Submitted,

LATONYA RUFFIN-STANFORD

By: /s/ Thomas Gardiner
    One of Her Attorneys

Thomas G. Gardiner, # 6180243
Kathryn Perry Hopkins, #6294545
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone 312.362.0000
Facsimile 312.362.0440